IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00116-CV

 

In re
Avi B. Markowitz

 

 



Original Proceeding

 



DISSENTING Opinion










 

            This mandamus proceeding is targeting
what appears to be, at best, an order compelling discovery in aid of collection
of a judgment that is not final.  That order, in my view, seeks post-judgment
discovery from a person who was never sued, but against whom, or possibly a
third party, a judgment may have been rendered.  

            What lies at the heart of the matter
is that inadequate attention was paid to the details when the suit was filed
and as the suit progressed.  The underlying trial court proceeding was
processed with an extraordinary lack of regard for the rules and the details
necessary to successfully sue for collection of a note and guaranty, secure a
valid judgment, and then be able to collect on that judgment.  Many rules and
details were simply ignored or swept past.  I like rules.  I find comfort in
their consistent application.  I find protection in the requirement that they
must be followed.  But I am scared by what was brushed past to allow collection
efforts to proceed against Avi B. Markowitz, MD when he was not properly sued. 
The Bank makes a simplistic response to the petition that basically Markowitz
knew the suit was against him, that he received the citation and the petition,
and because he took the risk of not appearing in the suit and defending against
it there is no reason why he should not personally be held liable for the
judgment.  The Bank’s primary legal response is that this was a simple
misnomer, not a misidentification of parties.  The Bank could be right but the
record does not show it to be so.  And I note, with some degree of
satisfaction, that the Bank was meticulous in its preparation of the loan,
security, and guaranty documents, obtaining the signatures of a separate legal
entity that it now contends may not even exist, Avi B. Markowitz, MD, PA.  In
this proceeding, the Bank takes the incredible position that “PA” may stand for
physicians assistant rather than professional association.  And any suggestion
that the suit was clearly only a suit against the guarantor must ignore the
record.  

            Some description of the
inconsistencies and errors is necessary, but I will not burden this opinion
with all the inconsistencies and lack of attention to detail.  I will only
mention some of the many flaws in the underlying proceeding including, the most
important, that Avi B. Markowitz, MD was never sued.


 The
 original petition speaks throughout, including the style, in terms of only
 one defendant.


 


 The
 defendant identified is Avi B. Markowitz, MD, PA.  In this dissenting
 opinion, this entity will be identified as PA.


 


 The
 style and text of the original petition indicates that PA is doing
 business as Central Texas Cancer Care.


 


 The
 original petition is captioned “Original Petition for Suit on Note.”  It
 does not indicate it is a suit on a guaranty agreement.


 


 The
 original petition first identifies PA as an individual.  But obviously, a
 professional association is not an individual.


 


 The
 original petition states that PA may be served at “his home.”  But
 professional associations do not have genders.  Nor do we normally think
 of professional associations as having a home but rather a primary place
 of doing business.


 


 The
 original petition also states that service may be made on “said Defendant”
 again indicating a singular defendant.


 


 The
 original petition then states that a copy of the note was signed by PA,
 and is attached and incorporated.  The note is attached and it was signed
 by the president of PA.


 


 Next
 the original petition states that the defendant, again singular, is in
 default, and that the sum currently due on the note is an amount that is
 almost a quarter-of-a-million dollars.  


 

            Up to here, other than some references
to a professional association, PA, as if it is a human person, as opposed to a
fictitious person, there is nothing fatal to the Bank’s claim against PA.  But
that is about to change. 


 The
 original petition then states that without waiving the foregoing,
 “Defendant Avi B. Markowitz, MD, PA, personally guaranteed the
 above-referenced note.”  The reference to defendant is again singular and
 it unquestionably again identifies PA but says PA “Personally guaranteed”
 the note.  The Bank probably intended to sue Dr. Markowitz in his
 individual capacity as guarantor of the note but identified, and thus
 sued, only PA.  The doctor individually, Dr., was never identified as the
 defendant in the petition.  One could argue, though I think it is a long
 stretch, that because the guaranty agreement was incorporated by reference,
 Dr. was also sued.  At the very least, however, there are glaring problems
 already present, and that is only through paragraph 6 of the petition.


 


 The
 documents in the appendix, after the note, security agreement, asset based
 financing agreement, and guaranty that appear behind the tab with the
 original petition, and which appear to be proper copies, are the papers
 regarding service.  The citation is issued to “Defendant Avi B. Markowitz,
 M.D. D/B/A Central Texas Cancer Center.”  Now remember that only PA has
 been referenced with a D/B/A, so it is somewhat confusing to have Dr.
 referred to with a D/B/A and the D/B/A is not Central Texas Cancer Care,
 as appeared in the style, text, and attachments of the original petition
 but by the name Central Texas Cancer Center.  So it is unknown if this is
 a different D/B/A, or whether they intended to reference PA or Dr.  This
 possible new identity will be referred to as “Center.”


 


 In
 the affidavit attached to the citation showing the proof of service by the
 professional process server, the style of the suit still identifies only
 PA as the only defendant, but identifies Center as the recipient of the
 papers.


 


 The
 next document in the appendix is a motion for default judgment.  It seeks
 a default judgment against only Center, not Dr. nor PA.  


 


 Nevertheless,
 the motion asserts that this new creature, Center, is the singular
 defendant and was properly served with a copy of the original petition by
 personal delivery (and according to the affidavit that would be correct). 
 And it does not assert that PA or Dr. was served, only Center (and
 according to the affidavit that would be correct).  And, by the way, the
 style of the case on the motion was changed to identify Center as the lone
 defendant.


 


 The
 motion makes the observation that Center has not filed an answer.  I note
 that Center was not identified in the original petition and did not sign
 the note or the guaranty.


 


 Affidavits
 attached to the motion for default judgment have some statements in them
 that are demonstrably untrue based on the original petition and the
 attachments thereto.  For example, it says that Center is the defendant
 and signed the note.


 


 The
 order signed by the trial court granted the motion for default judgment in
 a document styled with Center as the only defendant and rendered the
 judgment against one Abi B. Markowitz, M.D. D/B/A Central Texas Cancer
 Center.  Note that in this critical document — if you are going to get it
 right anywhere, this is the place to do it — we have the name “Abi” appear
 for the first time, and it is still neither PA nor Dr., and the judgment
 is for $259,081.88 plus $2,000 in attorney fees, post-judgment interest,
 and court cost.  That judgment was not appealed and it does not appear
 that it could have been because it does not appear to be final.


 


 But,
 nevertheless, we then have a subpoena for post-judgment collection efforts
 styled Dr. Avi B. Markowitz D/B/A Central Texas Cancer Care.  We do not
 know if this is a new player, or one of the old ones, Center, PA, or Dr. identified
 in some other manner.  We will call this new identity Dr. Care.  But the
 subpoena was to summon Center to give testimony at a date and time
 specified.  The notice attached to the subpoena is issued to Center but
 indicates it is going to take the deposition of the latest new identity,
 Dr. Care.


 


 By
 the time the motion to compel the oral deposition is filed, the style of
 the suit has again changed.  It is back to identifying Center as the only
 defendant.  It wants Center to answer the discovery and attend the
 deposition.


 


 The
 notice of setting is interesting because it indicates the suit is Brazos
 Valley Bank v. Avi B. Markowitz, M.D., et al.  Thus for the first time the
 existence of multiple defendants is suggested.  Oddly enough Brazos Valley
 Bank N.A. is no longer identified with the “N.A.” and could suggest a
 change in ownership.


 


 Finally,
 the style of the order and target of the discovery reverts to identifying Center
 as the only defendant.


 

            Fastidious attention to detail this
proceeding is not.  At some point, a proceeding becomes so gnarly due to the
actions of one of the parties that the party that caused it has to suffer the
consequences of what has been, or has not been, done.  In this instance, the
only person clearly identified in the live pleadings as a defendant is PA and
there has been no judgment for or against PA.  PA has not been served.  Dr. may
or may not have been served, but he was not named in the petition as the
defendant, PA was.

            It may not be too late for the Bank to
clean up this suit so that it is clear who has been sued and for what, and then
proceed to proper collection efforts if the Bank again prevails.  But if, as
the Court has determined, there are multiple intended defendants, the
interlocutory default judgment against Center can be ignored or set aside by
the trial court; the trial court still has jurisdiction because the judgment
did not even purport to dispose of all claims against all parties and,
therefore, does not appear to be final.

            In the final analysis, I would grant
mandamus relief and issue a writ of mandamus if the trial court failed to quash
the discovery sought against Dr. Avi B. Markowitz until such time as these and
the other procedural anomalies have been cleaned up and a proper final judgment
is obtained against the maker or guarantor of the note that is the subject of
the suit.  Then let proper collection efforts begin.

            Accordingly, I respectfully dissent
from the denial of the petition for writ of mandamus.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissenting
opinion delivered and filed July 7, 2010